IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RAYMOND N. COREY LANUZA,

    Plaintiff,

v.                                    CIVIL NO. 98-2016 (RLA)

MEDIC EMERGENCY SPECIALTIES,
INC., et al.,

    Defendants.

### MINUTES OF FURTHER STATUS CONFERENCE HELD ON SEPTEMBER 27, 1999 AND SCHEDULING FURTHER STATUS CONFERENCE

At the FURTHER STATUS CONFERENCE held on September 27, 1999 from 2:30 p.m. to 4:15 p.m. plaintiff was represented by JOSE A. BAGUE, ESQ. Codefendant MEDIC EMERGENCY SPECIALTIES, INC. ("MEDIC EMERGENCY") through RAMONITA DIEPPA, ESQ. and codefendant DR. RHADAMES HERNANDEZ through ROBERTO RUIZ COMAS, ESQ.

### DR. JUAN GARCIA

The Stipulation of Dismissal with Prejudice, filed on September 21, 1999 (docket No. **47**), is **GRANTED**. Accordingly, the claims asserted against codefendants DR. JUAN A. GARCIA and SIMED, as insurer for DR. GARCIA, are hereby **DISMISSED WITH PREJUDICE**. Judgment shall be entered accordingly.



AO 72
(Rev 8/82)

**TIME BAR DEFENSE**

The Court inquired as to the status of the motion to dismiss the complaint as time-barred. MR. RUIZ-COMAS indicated that this particular defense was fact specific and not a clear cut matter. The parties discussed the previous actions filed by plaintiff both at the federal and local levels and argued their respective positions regarding tolling in this case.

The accident occurred on **August 28, 1995** at which time plaintiff was taken to the CDT and subsequently to the emergency room at the Bayamón Regional Hospital which was managed by codefendant MEDIC EMERGENCY and where DR. RHADAMES HERNANDEZ intervened with plaintiff. Plaintiff was discharged from the Bayamón Regional Hospital on that same date and was subsequently seen by DR. GERENA, a private physician, on **August 31, 1995**. Plaintiff was hospitalized at Hospital San Pablo where he underwent surgery on **September 1, 1995** and where he remained for approximately 45 days. On **November 24, 1995** notice of suit was given by plaintiff to the Secretary of Justice of Puerto Rico based on the treatment afforded at the Bayamón Regional Hospital.

Plaintiff filed a complaint in this forum against the owners of the other vehicle involved in the accident, Hospital San Pablo and the Bayamón Regional Hospital on **August 28, 1996**. The unknown physicians who treated plaintiff at the Bayamon Regional Hospital

CIVIL NO. 98-2016 (RLA)                                                    Page 3

---

were also included in that suit. Judge Laffitte instructed plaintiffs to identify the unknown defendants by **April 25, 1997** which plaintiffs never did. The claims against Hospital Regional de Bayamón were dismissed due to Eleventh Amendment immunity and filed in the local court on **August 25, 1997**. On **April 30, 1998** in responses to interrogatories in the local case, plaintiff ascertained the identity of codefendants herein. The local proceedings have been stayed pending the outcome of this litigation. This action was filed on **September 4, 1998**.

The possible effect of plaintiff's failure to ascertain the identity of the defendants herein at an earlier date was discussed. Plaintiff argues that defendants herein are jointly liable with the defendants in the other actions. The relevance of the settlement stipulation in the previous federal case was also discussed. Consequently, defendants requested copy of the private settlement stipulation entered into in the previous federal action which was designated confidential upon plaintiff's request. Plaintiff opposed this request arguing it was irrelevant in this action and that defendants had waived the time-bar defense by having failed to file the dispositive motion by the deadline set by the Court.

Defendants contend that assuming that they are jointly liable, depending on the wording of the stipulation, the claims asserted

CIVIL NO. 98-2016 (RLA)                                                      Page 4

against them may have been waived. Further, under Puerto Rico law payment by a jointly liable debtor benefits the other debtor(s).

Codefendants inquired as to the scope of the damages demanded in this action, i.e., whether they were limited solely to the delay in treatment.

Plaintiff was ORDERED to produce for the defendants a copy of the settlement agreement entered into in the previous federal action **no later than October 9, 1999.** This document shall be treated as confidential by the defendants on pain of sanctions. Plaintiff requested leave to file a written reconsideration to out Order. The motion for reconsideration shall be filed **no later than October 1, 1999** together with a copy of the settlement agreement which shall be submitted therewith <u>under seal</u> for the Court's review.

Defendants' motion to dismiss based on the statute of limitations defense shall be served to opposing counsel within 20 days from the date that the Court disposes of plaintiff's request for reconsideration. The parties were admonished to adhere to the procedural requirements of the undersigned's Standing Order regarding dispositive motions.

**DISCOVERY**

In the meantime, the parties shall continue to engage in discovery as follows.

AO 72
(Rev 8/82)

CIVIL NO. 98-2016 (RLA)                                                    Page 5

| Date | Description |
|---|---|
| 10/8/99 | Deadline for plaintiff to identify expert witnesses and production of their respective curriculum vitae. |
| 11/8/99 | Deadline for plaintiff to (1) identify treating physicians who will testify at trial, (2) furnish their respective addresses and telephone numbers **and** (3) confirm their availability for depositions at the scheduled dates. |
| 11/8/99 | Deadline for plaintiff to provide list of fact witnesses expected to testify at trial. |
| 11/8/99 | Deadline for production of plaintiff's expert reports. |
| 11/8/99 | Deadline for plaintiff to (1) submit experts' fee schedules, (2) confirm availability for depositions at scheduled date, **and** (3) advise whether or not are willing to have their deposition taken in Puerto Rico. |
| 11/8/99 | Deadline for defendants to identify expert witnesses and production of their respective curriculum vitae. |
| 11/8/99 | Deadline for defendants to provide list of fact witnesses expected to testify at trial. |
| 11/30/99 | Deadline for production of defendants' expert reports. |
| 1/10-14/2000 | Deposition of plaintiff and his fact witnesses. |

CIVIL NO. 98-2016 (RLA)                                              Page 6

| | |
|---|---|
| 1/12-14/2000 | Deposition of plaintiff's treating physicians identified as fact witnesses by plaintiff. |
| 1/14/2000 | Deposition of plaintiffs' experts. |
| 1/18/2000 | Rule 30(b)(6) Fed. R. Civ. P. deposition of MEDIC EMERGENCY by plaintiff. |
| 1/19/2000 | Deposition of DR. RHADAMES HERNANDEZ and fact witnesses identified by defendants. |
| 2/26/2000 | Deposition of defendants' experts. |

Defendants shall serve plaintiff's fact witnesses, including treating physicians with the pertinent subpoenas and pay them the pertinent statutory appearance fee for fact witnesses.

MEDIC EMERGENCY will voluntarily produce all fact witnesses under its control. Otherwise, plaintiff will be provided with their last known address and telephone number, if available.

**FURTHER STATUS CONFERENCE**

A FURTHER STATUS CONFERENCE was scheduled for **February 23, 2000 at 2:30 p.m.** The parties shall contact the chambers of the undersigned on this date to verify where the Conference will be held.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 28 day of September, 1999.

RAYMOND L. ACOSTA
United States District Judge